# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
v. ) ID No. 1901005656
)
SHA'MIR SUDER, )
)
Defendant. )
)

Date Submitted: February 25, 2024
Date Decided: March 21, 2024

## **ORDER**

Upon consideration of Defendant Sha'mir Suder's ("Suder") Motion for Sentence Modification ("Motion"),[1] Superior Court Criminal Rule 35(b), statutory and decisional law, and the record, **IT APPEARS THAT:**

(1)     On July 22, 2019, Suder pled guilty to Assault First Degree (IN19-08-0087-W) and Possession of a Firearm During the Commission of a Felony ("PFDCF") (IN19-02-0088-W).[2]   On November 8, 2019, Suder was sentenced as follows: for Assault First Degree, 25 years at Level V, suspended after 2 years at Level V for 6 months at Level IV, followed by 18 months at Level III; for PFDCF, 10 years at Level V.[3]

---

[1] D.I. 42. Although Suder states that his letter is to let the Court know he is "putting in a commutation," his letter requests a sentence modification.
[2] D.I. 20.
[3] D.I. 34.

1

(2)     Suder filed the instant Motion on February 28, 2024.[4]  Suder claims he has completed the minimum mandatory portion of his sentence, and he asks the Court to discharge the remaining time on his sentence for probation.[5]  In support of his Motion, Suder states he has learned from his prior actions and is no longer involved in gang activity.[6]

(3)     Superior Court Criminal Rule 35(b) governs motions for modification of sentence.[7]  The purpose of Rule 35(b) is to "provide a reasonable period for the Court to consider alteration of its sentencing judgments."[8]  Rule 35(b) contains procedural bars for timeliness and repetitiveness.[9]  Under Rule 35(b), the "[C]ourt may reduce a sentence of imprisonment on a motion made within 90 days after the sentence was imposed" and will consider untimely motions "only in extraordinary circumstances or pursuant to 11 *Del. C.* § 4217."[10]  Furthermore, the Court cannot modify the minimum mandatory portion of a sentence.[11]

(4)     Suder's Motion is procedurally barred.  His Motion is untimely since it was filed over four years after his sentencing—well past the 90-day deadline.[12]  The

---

[4] D.I. 42.
[5] D.I. 42.
[6] *Id.*
[7] Super. Ct. Crim. R. 35(b).
[8] *State v. Remedio*, 108 A.3d 326, 331 (Del. Super. 2014).
[9] Super. Ct. Crim. R. 35(b).
[10] *Id.*
[11] 11 *Del. C.* § 4204(d); D.I. 27.
[12] D.I. 27. Suder's sentence does not fall under 11 *Del. C.* § 4217.

Court does not find any "extraordinary circumstances" exist to warrant an extension of the 90-day deadline.[13]  Therefore, the Court finds the sentence is appropriate for all the reasons stated at the time of sentencing.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Sha'mir Suder's Motion for Sentence Modification is **DENIED**.

**IT IS SO ORDERED.**

/s/ Jan R. Jurden
Jan R. Jurden, President Judge

cc:     Original to Prothonotary
        Erika R. Flaschner, DAG
        Sha'mir Suder (SBI # 00795035)

---

[13] *See State v. Redden*, 111 A.3d 602, 607 (Del. Super. 2015) (explaining that extraordinary circumstances must specifically justify the delay, be beyond the movant's control, and *be the reason the movant was prevented from timely filing*) (emphasis added).